# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Markeese Jones
208 Long Lane, Apartment B
Upper Darby, PA 19082

**DEFENDANTS**
OPS Security Group
1500 S. Christopher Columbus Blvd, Suite 6
Philadelphia, PA 19147

(b) County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000 et seq
Brief description of cause:
VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 150,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/14/2023
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| Markeese Jones | : |  |
| v. | : |  |
| OPS Security Group | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| 11/14/2023 | Graham F. Baird | Markeese Jones |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 208 Long Lane, Apt B, Upper Darby, PA 19082

Address of Defendant: 1500 S. Christopher Columbus Blvd, Suite 6, Philadelphia, PA 19147

Place of Accident, Incident or Transaction: 1500 S. Christopher Columbus Blvd, Suite 6, Philadelphia, PA 19147

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/14/2023    *(signature)*    92692
           Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases (Please specify): _____

B. **Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury (Please specify): _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 11/14/2023    *(signature)*    92692
           Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKEESE JONES : | |
| 208 Long Lane, Apartment B : | |
| Upper Darby, PA 19082 : | |
| : | JURY DEMANDED |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. |
| OPS SECURITY GROUP : | |
| 1500 S. Christopher Columbus Blvd : | |
| Suite 6 : | |
| Philadelphia, PA 19147 : | |
| : | |
| Defendant : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, MARKEESE JONES (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, OPS SECURITY GROUP (hereinafter "Defendant") is a business corporation, organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principle place of business at the above captioned address.

3. At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

4. This action is instituted pursuant to the Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7. Plaintiff has exhausted his administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II.  Operative Facts.

9. Plaintiff is a gay man.

10. On or about November 15, 2020, Defendant hired Plaintiff as a security officer.

11. In or around April of 2022, Plaintiff was promoted to Account Manager, which is the position he held at the time of his termination.

12. Beginning upon his promotion, Plaintiff often heard Defendant's Regional Manager, Jake Gentry, Defendant's Human Resources Representatives, Joseph Pettini and Alexander Comous, and Defendant's Training Manager Anthony Faverio make jokes about people who were gay or lesbian.

13. Specifically, in or around April of 2022, Mr. Faverio stated to Plaintiff "wouldn't you like to look at his ass? Wouldn't you like that, Markeese?"

14. On or about June 22, 2022, Plaintiff and a colleague, Cortez Simmons, were teaching a new hire class and discussing Defendant's expectations for employees.

15. As Plaintiff and Mr. Simmons were both Account Managers, both were wearing suits.

16. During the course of the training, Plaintiff stated "this is how sharp you should dress if you are working in a concierge setting. Look professional and act professional" before following up by stating "however, don't act like me because I'm gay" in a joking manner, to which the class laughed.

17. Plaintiff then went about his usual workday.

18. On or about June 23, 2022, the following day, Plaintiff was called into a meeting with Defendant's Director of Operations, Dean Patterson, Defendant's Director of Human Resources, Greg Ralph, Defendant's Co-owner Ian Poush, and Mr. Gentry.

19. During this meeting, Mr. Patterson stated "since you have been in this position, you've met with human resources on many occasions. You know I tell you shit directly – no sugar coating. What took place yesterday is a violation of company policy and will not be tolerated. With that said, you are hereby terminated."

20. Plaintiff asked what policy he had violated, but was provided no answer.

21. Mr. Ralph presented Plaintiff with a Non-Disclosure Agreement, which Plaintiff refused to sign, and proceeded to leave the premises.

22. Defendant then falsely informed their employees that Plaintiff left his position because he had taken a new job, which was patently false.

23. Plaintiff was subjected to discrimination and a hostile work environment within Defendants' location as captioned above.

24. Sexual orientation and gender identity are protected categories under Title VII where the adverse action or harassment implicates gender stereotypes.

25. Defendant, by and through the conduct of their managers, officers and employees, discriminated and retaliated against Plaintiff.

26. As a direct and proximate result of Defendant's conduct in terminating Plaintiff and fostering and permitting a hostile work environment, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)**

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth at length herein.

28. As described above, Plaintiff was subjected to harassment related to his sexual orientation while being employed by Defendant.

29. The aforementioned actions and conduct were severe, pervasive, continuous, and created a hostile work environment for Plaintiff.

30. As described above, Defendant terminated Plaintiff's employment.

31. Defendant's conduct, as set forth above, violates Title VII of the Civil Right Act of 1964.

32. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages including by not limited to: great economic loss, future lost earning capacity, lost opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress, humiliation, personal injury type damages, pain and suffering, consequential damages, as well as a work loss, loss of opportunity and a permanent diminution of his earning power and capacity, and a claim is made therefore.

**COUNT II—PENNSYLVANIA HUMAN RELATIONS ACT**
**43 Pa.C.S.A. §951, et seq.**
**(Plaintiff v. Defendants)**

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34. As described above, Plaintiff was subjected to harassment related to his sexual orientation while being employed by Defendant.

35. The aforementioned actions and conduct were severe, pervasive, continuous, and created a hostile work environment for Plaintiff.

36. Defendant terminated Plaintiff's employment.

37. As set forth above, a motivating factor in Plaintiff's termination is Plaintiff's sexual orientation.

38. As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

39. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

41. Plaintiff demands attorneys' fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff, MARKEESE JONES demands judgment in his favor and against Defendant, OPS SECURITY GROUP, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff, Markeese Jones

Date: 11/14/2023

# EXH. A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Mr. Markeese Jones
208 Long Lane, Apartment B
Upper Darby, PA 19082

**Re:** Mr. Markeese Jones v. OPS SECURITY GROUP
EEOC Charge Number: 530-2022-06265

EEOC Representative and email:   State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  8/26/2023
Karen McDonough
Deputy District Director

cc:
For Respondent
Brandon Shemtob
Stevens & Lee, P.C.
1500 Market Street
East Tower, Suite 1800
Philadelphia, PA 19102

For Charging Party
Graham F Baird
Law Offices of Eric A. Shore
2 Penn Center, Suite 1240
1500 JFK Boulevard
Philadelphia, PA 19102

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) received the document. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.